## JOHN SMITH *v.* THE STATE.

CRIMINAL LAW. *County convicts. Corporal punishment,* The County Court, in the absence of exprrss legislative authority, cannot adopt rules and regulations prescribing corporal punishment for work-house convicts.

### FROM SHELBY.

Appeal in errror from the Criminal Court of Shelby county. L. B. HORRIGAN, J.

LUKE E. WRIGHT for Smith.

ATTORNEY-GENERAL LEA for the State.

McFARLAND, J., delivered the opinion of the court.

This case heard with the case of *Boone* v. *State,* involves the question whether the superintendent of the county work house can inflict corporal punishment upon a county convict, sentenced to hard labor in the county work-house, under rules and regulations adopted by the county court, which provides that "any mutinous or disorderly conduct, or breach of discipline, and any neglect or refusal upon the part of the convict, to carry out the lawful orders of the lessees, superintendent or guards, shall subject him to punish. ment. The punisment to be moderate and reasonable and in accordance with the dictates of humanity." "In no case," say the regulations, "shall corporal punish-

ment be resorted to, save in cases of gross and wil-full violation of orders, or of mutinous conduct or attempts to escape, and shall not exceed ten lashes for any one offense."

It is agreed that the punishment was in accordance with the above regulations, and the question is whether the county court had the authority to vest such powers in the superintendent. It is agreed that the punishment was for gross and wilfull violations of good order and discipline, was inflicted in a proper manner, and did not exceed the limit prescribed.

In the case of *Cornell* v. *The State*, 6 Lea, 624, the question was whether the manager of the lessee of county convicts, could, of his own authority, inflict corporal punishment upon a county convict for a violation of good order, or refusal to work. It was held that he could not, although the act of 1875, ch. 85, which provides for county work-houses, and authorizes the convicts to be hired or leased out, gives to the person hiring the convicts all the rights, powers and privileges of the superintendent of the work-house. It was held, that if the punishment could be inflicted at all without express legislative authority, it could only be under a law or regulation made for the government of county convicts, adopted by the county court at a regular session and in due form. But the question was reserved as to whether the county court, without express legislative authority, could adopt regulations and rules prescribing corporal punishment—this question not being directly involved in that case. The power is conferred upon the county court "to make all

necessary by-laws and regulations for the government of county convicts:" Code, 5410. In "no case, however," says section 5411, "shall the punishment inflicted in said work-house exceed hard labor."

The act of 1875, ch. 83, providing for county work-houses, and the hiring out of the county convicts, provides that the convicts may be compelled to work, and "may be corrected and punished in a reasonable manner, if such person refuse to work as ordered, or be guilty of gross violation of duty or good order," but the character of punishment is not prescribed. We hold that there being no express legislative authority, that the county court cannot adopt regulations giving to any one man the right, upon his own determination of the facts, to inflict the character of punishment which is expressly forbidden to be inflicted by the warden and keepers of the penitentiary, upon convicts in the penitentiary. It cannot be presumed that the Legislature intended that the county courts might confer upon superintendents of work-houses powers in respect to the punishment of persons convicted of misdemeanors more arbitrary and liable to abuse than the powers expressly denied to the warden of the penitentiary in regard to convicted felons.

We think there is no error in this conviction, and the judgment will be affirmed.